TARA K. McGRATH
United States Attorney
PATRICK SWAN/KATHERINE McGRATH
California Bar Nos.: 306526/287692
Assistant U.S. Attorneys
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8450
Email: Patrick.Swan@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARK LARSEN (1),<br>CASK TECHNOLOGIES, LLC (2),<br><br>Defendants. | Case No.: 24-CR-2111-TWR<br><br>**JOINT MOTION TO DECLARE THE CASE COMPLEX AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT** |

The United States of America, by its counsel, and defendants MARK LARSEN and CASK TECHNOLOGIES, LLC, by and through their counsel, Aaron Dyer of Pillsbury Winthrop Shaw Pittman LLP (collectively, "Defendants"), jointly move to declare the case complex and to exclude time under the Speedy Trial Act. The parties intend to seek a continuance of the Motion Hearing/Trial Setting on December 6, 2024 and will move to exclude time under the Speedy Trial Act until the continued date of the Motion Hearing/Trial Setting. The parties believe that time is excludable under the Speedy Trial Act because: (1) there are pending pretrial motions that require a hearing, *see* 18 U.S.C. § 3161(h)(1)(D); and (2) the ends of justice served by granting the continuance and by excluding time outweigh the best interests of the public and Defendants in a speedy trial, *see* 18 U.S.C. § 3161(h)(7)(A) and (B)(ii). Defendant Mark Larsen is currently on bond.

1. The Indictment in this case was filed under seal on October 8, 2024. Defendants first appeared before a judicial officer of this court on the Indictment on October 30, 2024, at which time the Indictment was unsealed for all purposes.

2. The United States has met and conferred with counsel for Defendants by telephone and email under Federal Rule of Criminal Procedure 16.1.

3. The Speedy Trial Act excludes certain periods of time in calculating 70 days under 18 U.S.C. § 3161(c)(1). That delay includes delay resulting from a continuance if the court finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The court must "set[] forth … either orally or in writing, its reasons" for the finding. *Id.* The court "shall consider" the following factors, "among others":

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the existence of due diligence.

18 U.S.C. § 3161(h)(7)(B). "No continuance under [18 U.S.C. § 3161(h)(7)(A)] shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(C).

//

4. The parties stipulate and agree that the following facts support a finding that the case is complex, under 18 U.S.C. §§ 3161(h)(7)(A) and (B)(ii), and that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial:

    a. On or about December 3, 2024, the Court signed the Protective Order concerning discovery in this case. ECF No. 19. Defendants filed discovery motions and those motions are currently pending before the Court. *See* ECF Nos. 23, 24.

    b. In light of the entry of the Protective Order above, the United States intends to produce a large round of discovery to Defendants and their counsel of record in the near future. This round of discovery will comprise millions of files of discovery and it exceeds one terabyte of data. These discovery materials, which are voluminous, will include approximately 500,000 emails and records obtained from the Department of Health and Human Services; specific evidence of the charged overt acts; materials seized through DODIG subpoenas and grand jury subpoenas; agent reporting, which includes reports of interviews, investigative steps, and materials seized through search warrants; recordings of interviews, recorded calls, and transcripts of such recordings; documents from the Small Business Administration; MLAT records; and OGE 450 filings, among other records. The United States anticipates that this round of discovery will be the majority of the discovery in this case, with any additional materials provided in subsequent rolling productions. Defendants received a smaller production of discovery materials (a DVD containing approximately four gigabytes of data) last month and have begun their review of those materials.

    c. Counsel for Defendants have just begun their review of the discovery in this case,[1] which is voluminous and complex. The Indictment has charged a complex multi-year bribery conspiracy with 84 overt acts, involving multiple government contracts.

---

[1] This does not include documents, records, and other materials that Defendants produced to the United States in response to DODIG and grand jury subpoenas during the investigation of this case.

3

Counsel for Defendants need additional time to receive and review the discovery to be able to effectively assess the evidence and advise their clients as well as to prepare and file any pre-trial motions, including motions for further discovery.

        d.      The parties agree that the case is so unusual or complex, due to the nature of the prosecution, which is a complex bribery and procurement scheme, and the anticipated volume of the discovery involved in this case, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits ordinarily established by 18 U.S.C. § 3161(c)(1).

5.      In order to allow counsel and Defendants sufficient time to assess the evidence, and in light of commitments in other pending matters and the schedules of counsel to all parties in this case, along with the complexity of the case, the parties agree that the Court should declare the case complex. The parties further agree that a continuance is necessary so as to: (1) not unreasonably deny Defendants and the United States continuity of counsel; (2) provide Defendants and counsel reasonable time to review and assess the discovery produced in this case; and (3) provide counsel for Defendants and counsel for the United States the reasonable time necessary to attempt to resolve the matter short of trial, and, should those efforts fail, to effectively prepare for trial, taking into account the exercise of due diligence. The parties further stipulate and agree that the ends of justice served by the granting of the requested continuance outweigh the best interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(i), and 3161(h)(7)(B)(ii).

6.      The parties have exercised due diligence. For reasons above, failure to grant the requested continuance would deny counsel the reasonable time necessary for effective preparation and result in a miscarriage of justice.

7.      Counsel for Defendants represent that they have discussed the need for this continuance with their clients. Defendants agree to and join in the request for this continuance.

//

4

1       8.     For the foregoing reasons, the parties jointly move this Court to declare the case complex and to exclude time under the Speedy Trial Act for the reasons stated above. The parties intend to seek a continuance of the initial Motion Hearing/Trial Setting on December 6, 2024 and request that the excluded period of delay under the Speedy Trial Act span from the filing of this motion to the continued date of the Motion Hearing/Trial Setting.

Respectfully submitted,

TARA K. McGRATH
United States Attorney

DATED: December 4, 2024     /s *Patrick Swan*
PATRICK SWAN
KATHERINE McGRATH
Assistant U.S. Attorneys

DATED: December 4, 2024     /s *Aaron Dyer* (with authorization)
AARON DYER
Counsel for Defendants
MARK LARSEN AND CASK TECHNOLOGIES, LLC