ANDREW R. HADEN
Acting United States Attorney
PATRICK C. SWAN
California Bar No. 306526
KATHERINE E.A. McGRATH
California Bar No. 287692
CARLING E. DONOVAN
New York Bar No. 5340484
Assistant U.S. Attorneys
Office of the U.S. Attorney
880 Front St., Room 6293
San Diego, CA 92101
Telephone: (619) 546-8450
Email: Patrick.Swan@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARK LARSEN (1), <br> CASK TECHNOLOGIES, LLC (2), <br><br> Defendants. | Case No.: 24-cr-2111-TWR <br><br> **UNITED STATES' MOTIONS FOR RECIPROCAL DISCOVERY AND LEAVE TO FILE FURTHER MOTIONS** |

## I. INTRODUCTION

Defendants are currently charged in a two-count Indictment. ECF No. 1. Count One charges Defendants with Conspiracy to Commit Bribery, in violation of 18 U.S.C. § 371. Count Two charges Defendant Mark Larsen with Bribery, in violation of 18 U.S.C. § 201(b)(1)(A) and (C). *Id.* Defendants have pleaded not guilty to the charges. ECF No. 9.

Following their arraignment, Defendants moved to compel discovery. Defs.' Mots. Compel Discovery, ECF Nos. 23-24. The United States has complied with its discovery obligations and produced discovery in response to their motions, including documents and

objects under Federal Rule of Criminal Procedure 16(a)(1)(E).[1] This disclosure triggers Defendants' obligations to produce reciprocal discovery of documents and objects under Rule 16(b)(1)(A). Further, should this case not resolve, the United States intends to produce expert discovery, including disclosures, pursuant to the deadlines set by the Court, and will submit a renewed request for reciprocal discovery under Rule 16(b)(1)(C) after producing such discovery. The United States accordingly moves to compel reciprocal discovery and leave to file further motions.

## II. THE COURT SHOULD COMPEL RECIPROCAL DISCOVERY

### A. Documents and Objects

Under Rule 16(b)(1)(A), if a defendant requests disclosure of documents and items under Rule 16(a)(1)(E) and the United States complies, then defendant must permit the United States, upon request, to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if (1) the item is within defendant's possession, custody, or control, and (2) defendant intends to use the item in his case-in-chief at trial.

Here, the United States has produced to Defendants, at their request, documents and objects that are discoverable under Rule 16(a)(1)(E). The United States is thus entitled to discover any books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of these items, that are within Defendants' possession, custody, or control, and that Defendants intend to use in their case-in-chief at trial.

### B. Results or Reports of Physical or Mental Examination

Under Rule 16(b)(1)(B), if a defendant requests disclosure under Rule 16(a)(1)(F) and the United States complies, then defendant must permit the United States, upon request, to inspect and copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if (1) the item is within the defendant's possession, custody, or control, and (2) defendant intends to use the item in his case-in-

---

[1] All references to "Rule" or "Rules" are to the Federal Rules of Criminal Procedure.

-2-
UNITED STATES' MOTIONS FOR RECIPROCAL
DISCOVERY AND LEAVE TO FILE FURTHER MOTIONS

chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony.

Here, the United States has not produced discovery under Rule 16(a)(1)(F) because the United States is unaware of such discovery in this particular case. Should this change, and the United States obtains and produces such discovery before trial, the United States will renew its request for reciprocal discovery under Rule 16(b)(1)(B).

### C. Expert Testimony

Under Rule 16(b)(1)(C), if a defendant requests disclosure under Rule 16(a)(1)(G) and the United States complies, or if defendant gives notice under Rule 12.2(b) of an intent to present expert testimony on defendant's mental condition, then defendant must disclose to the United States in writing, upon request, the information required by Rule 16(b)(1)(C) for any testimony that the defendant intends to use under Federal Rules of Evidence 702, 703, or 705 during his case in chief at trial.

Here, once the United States discloses expert discovery, it will renew its motion for Defendants to disclose reciprocal expert discovery under Rule 16(b)(1)(C). Specifically, a complete statement of all opinions that Defendants will elicit from the witness in their case-in-chief; the bases and reasons for those opinions; the witness's qualifications, including a list of all publications authored in the prior 10 years; and a list of all other cases in which, during the previous four years, the witness has testified as an expert at trial or by deposition.

The United States also requests that the Court enter any order it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery that it is entitled to, including under Rule 16(b)(1).

### D. *Jencks* Statements

Rule 26.2 requires the production of prior statements of all witnesses, except a defendant's statements. The Rule therefore provides for the reciprocal discovery of *Jencks* statements, stating in relevant part:

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, shall order the attorney . . . to produce, for the examination and use of the moving party, any

statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

Fed. R. Crim. P. 26.2(a).

The time frame established by Rule 26.2 requires the statement to be provided after the witness has testified.

The United States requests that the Court order Defendants to disclose all prior statements of defense witnesses by a reasonable date before trial to allow preparation for use at trial and lessen the likelihood of delay. The United States requests that this order include any form the statements may be memorialized in, including but not limited to emails, text messages, voicemails, voice recordings, notes, and reports.

### III. THE COURT SHOULD GRANT LEAVE TO FILE FURTHER MOTIONS

The United States requests the opportunity to file further motions should new information or legal issues arise. Should the United States not receive reciprocal discovery in response to this motion, the United States will request a hearing to ensure that documents and objects, expert discovery, and materials subject to Rule 16(b)(1) are timely produced before trial and consistent with the Court's ruling.

### IV. CONCLUSION

The United States requests that the Court enter an order granting its motions for reciprocal discovery and leave to file further motions.

DATED: March 28, 2025

Respectfully submitted,

ANDREW R. HADEN
Acting United States Attorney

*/s Patrick C. Swan*
PATRICK C. SWAN
KATHERINE E.A. McGRATH
CARLING E. DONOVAN
Assistant U.S. Attorneys

Attorneys for the United States