PILLSBURY WINTHROP SHAW PITTMAN LLP
AARON S. DYER (161798)
RONALD L. CHENG (138892)
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017
Telephone: 213-488-7100; Facsimile: 213-629-1033
Email: aaron.dyer@pillsburylaw.com
       ronald.cheng@pillsburylaw.com

PILLSBURY WINTHROP SHAW PITTMAN LLP
J. RYAN STASELL (307431)
11682 El Camino Real, Suite 200
San Diego, CA 92130
Telephone: 858-509-4000; Facsimile: 858-509-4010
Email: ryan.stasell@pillsburylaw.com

Attorneys for Defendants
MARK LARSEN (1) AND CASK
TECHNOLOGIES, LLC (2)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARK LARSEN (1), CASK TECHNOLOGIES, LLC (2),<br><br>Defendants. | Case No. 24-cr-2111-TWR<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO UNITED STATES' MOTIONS FOR RECIPROCAL DISCOVERY AND LEAVE TO FILE FURTHER MOTIONS (ECF 29)**<br><br>Judge: Hon. Todd W. Robinson<br>Courtroom: 14A |

1    Defendants Mark Larsen and Cask Technologies, LLC ("Defendants") respond to the Government's Motions for Reciprocal Discovery and Leave to File Further Motions (ECF 29). In particular, the Government has sought documents and other objects pursuant to Federal Rule of Criminal Procedure 16(b)(1)(A). The defense's obligation under that rule arises when "a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies . . . ." As discussed in the parties' joint status report regarding discovery (ECF 31 at 4:14-17), the parties are continuing to meet and confer regarding the Government's production of materials under Rule 16(a)(1)(E), including issues that Defendants have raised regarding the volume, organization, and completeness of that production. Accordingly, Defendants believe their obligation to produce reciprocal discovery is not yet ripe. If these issues cannot be resolved, Defendants will file an appropriate motion with the Court.[1]

As for the Government's request regarding physical or mental examination under Rule 16(b)(1)(B) and expert testimony under Rule 16(b)(1)(C), these requests are also not ripe and, as the Government suggests, may not formally arise given that the government is either unaware of responsive discovery (for the former) or has yet to disclose it (for the latter). Finally, the Government's request for *Jencks* statements

---

[1] The defense's obligation may also be premature given that the government has yet to provide a specific exhibit or witness list that it intends to use in its case-in-chief. *See United States v. Crowder*, 325 F. Supp. 3d 131, 135–36 (D.D.C. 2018) (finding because the government had "not yet specifically identified the exhibits, documents, and other evidence it intends to use in its 'case-in-chief'" defendant's reciprocal discovery obligations remained "untriggered"); *United States v. Kubini,* 304 F.R.D. 208, 213 (W.D. Pa. 2015) (finding it inappropriate for district court to establish deadline for defendants to make reciprocal discovery available to government in advance of court's deadline for exchange of exhibits); *United States v. Swenson*, 298 F.R.D. 474, 478 (D. Idaho 2014) (reasoning that Defendant's reciprocal discovery obligation was triggered on the government's filing its initial exhibit list). In any event, for the reasons discussed in the text, the defense submits that the Government's compliance with its own discovery obligation has yet to be completed.

2

Case No. 3:24-cr-2111-TWR
DEFENDANTS' OPPOSITION TO UNITED STATES' MOTIONS FOR RECIPROCAL DISCOVERY AND LEAVE TO FILE FURTHER MOTIONS

1  under Rule 26.2 is also not ripe, given that the Government's production is not yet
2  complete.
3       Therefore, the Government's Motion to Compel Reciprocal Discovery is
4  premature and Defendants submit that the Court should not rule upon it at this time.

Dated: April 8, 2025        PILLSBURY WINTHROP SHAW PITTMAN LLP

By: *(signature)*
    Aaron S. Dyer
    Ronald L. Cheng
    J. Ryan Stasell

Attorneys for Defendants
MARK LARSEN (1) AND CASK
TECHNOLOGIES, LLC (2)

3

Case No. 3:24-cr-2111-TWR
DEFENDANTS' OPPOSITION TO UNITED STATES' MOTIONS FOR RECIPROCAL
DISCOVERY AND LEAVE TO FILE FURTHER MOTIONS